**Beatrice WALDEN, Plaintiff,**

**v.**

**Marcia H. WISHENGRAD, Monroe County Department of Social Services, and the County of Monroe, Defendants.**

**No. CIV–80–371T.**

United States District Court,
W.D. New York.

Nov. 10, 1983.

---

**1116**

Samuel F. Prato, Rochester, N.Y., for plaintiff.

John D. Doyle, County Atty., Rochester, N.Y., for defendants; Nira T. Kermisch, Rochester, N.Y., of counsel.

## DECISION AND ORDER

TELESCA, District Judge.

On May 1, 1980, plaintiff commenced the instant civil rights action pursuant to 42 U.S.C. Section 1983. The gist of plaintiff's complaint is that defendant Wishengrad, an attorney for the Monroe County Department of Social Services, and the Social Services Department itself violated plaintiff's constitutional rights on March 10, 1980 by inducing Monroe County Family Court Judge Anthony Bonadio to sign an arrest warrant authorizing the arrest and detainment of plaintiff for failure to appear and testify in a Family Court matter. Plaintiff seeks Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages and Two Hundred Fifty Thousand Dollars, ($250,000.00) in punitive damages.

The facts underlying this lawsuit have been fully developed in the numerous depositions taken and need not be set forth in lengthy detail here. Suffice it to say that plaintiff is a former child protective caseworker who was, until July, 1979, employed by the defendant Department of Social Services. On August 8, 1979, plaintiff was served with a subpoena directing her to appear in Monroe County Family Court on August 13, 1979 and "on any recessed or adjourned date" to give testimony in a child neglect and abuse proceeding pending before Family Court Judge Anthony Bonadio. Plaintiff did appear on August 13, 1979 and gave her direct testimony. The hearing was not completed on that date however, and Judge Bonadio ordered the hearing reconvened on March 6, 1980. The instant lawsuit arises out of the efforts by defendant Wishengrad to secure plaintiff's attendance in Family Court so that she could be subjected to cross-examination. The depositions of both Walden and Wishengrad describe their differing versions of the efforts to obtain plaintiff's attendance in Family Court. This lawsuit of course, pays tribute to the fact that a suitable testimony schedule could not be agreed upon by Walden and Wishengrad. Consequently, on March 7, 1980, Judge Bonadio, upon a request by defendant Wishengrad, issued an arrest warrant directing the Monroe County Sheriff's Department to "pick up" plaintiff at her home and "deliver" her to Family Court on Monday, March 10th at 10:00 A.M. (See transcript of Family Court proceedings before Judge Anthony Bonadio, March 7, 1980). On March 10, 1980, plaintiff was, in fact, "arrested" by the Monroe County Sheriff's Department shortly before 9:00 A.M. She was then transported to the courthouse where she was briefly detained in a jail cell and handcuffed. Plaintiff testified in the Family Court matter and was released from custody.

Pending before me is defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## ABSOLUTE IMMUNITY UNDER SECTION 1983

█ In her motion for summary judgment, defendant Wishengrad contends, *inter alia*, that she is protected by absolute immunity for actions performed within the scope of her duties as an attorney repre-

senting the Department of Social Services in Family Court proceedings. I agree.

Notwithstanding the absence of an express incorporation of common law immunities into Section 1983, the Supreme Court on several occasions has conferred absolute immunity to particular individuals on the ground that "such immunity was so firmly rooted in common law and was supported by such strong policy reasons that Congress would have specifically so provided had it wished to abolish the doctrine". *Owen v. City of Independence*, 445 U.S. 622, 637, 100 S.Ct. 1398, 1408, 63 L.Ed.2d 673 (1980). Thus, in *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) the Court held that the absolute immunity traditionally accorded judges was preserved under Section 1983. Also, in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) the court granted state prosecutors absolute immunity under Section 1983 for their duties in connection with judicial proceedings. The doctrine of absolute immunity was further extended in *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) wherein the court, citing *Imbler v. Pachtman*, granted absolute immunity to federal "agency officials performing certain functions analogous to those of a prosecutor ....." *Id.* at 515, 98 S.Ct. at 2915.[1] In March of this year, the Supreme Court again addressed the issue of absolute immunity in Section 1983 actions and extended its protection to witnesses—government or otherwise—who appear in a judicial proceeding. *Briscoe v. Lahue*, 460 U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96. In *Briscoe*, the court emphasized that common law provided absolute immunity for "all persons—government or otherwise—who were integral parts of the judicial process". The court stated: "Our cases clearly indicate that immunity analysis rests on functional categories, not the status of the defendants." *Id.* at ——, 103 S.Ct. at 1119.

These cases convince me that defendant Wishengrad, as attorney for the Depart-

ment of Social Services, was no less "an integral part of the judicial process" than the other individuals to whom absolute immunity has been extended. This determination is consistent with another case recently decided by this Court, *Whelehan v. County of Monroe*, 558 F.Supp. 1093 (W.D.N.Y.1983). In *Whelehan*, Judge Elfvin found that the role of County Department of Social Service employees in initiating child protection proceedings was sufficiently like the role of a prosecutor to warrant coverage by absolute immunity under Section 1983. Citing the "great importance of the child protective function", Judge Elfvin held that employees of the Department of Social Services are protected by absolute immunity for "their actions performed within the scope of their child protective duties". *Id.* at 1099. Defendant Wishengrad, who at all times was acting within the scope of her duties as an attorney for the Department of Social Services, deserves the same protection. If attorneys for the Department "were forced to execute their duties with an eye constantly regarding the possibility of incurring liability for their conduct, the detriment to society would at least be as great as if they were prosecutors of the kind specifically protected by [the Supreme Court] in *Imbler*." *Wheelan, supra*, at 1098. *See also, Daniels v. Kieser*, 586 F.2d 64 (7th Cir. 1978) wherein the court afforded absolute immunity to a prosecutor who was sued by a witness after the witness was arrested in order to guarantee his attendance at trial. Accordingly, I hold that defendant Wishengrad is entitled to absolute immunity when acting within the scope of her duties as an attorney for the Monroe County Department of Social Services and thus, grant her motion for summary judgment.

## LIABILITY OF THE DEPARTMENT OF SOCIAL SERVICES IN THE COUNTY OF MONROE

■ Having determined that defendant Wishengrad is protected from liability for

---

**1.** While *Butz v. Economou* was not a Section 1983 action, absent congressional directions to the contrary, the court declined to draw a distinction for purposes of immunity law between

suits against state officials pursuant to Section 1983 and suits brought directly under the Constitution against federal officials. *Butz,* at 499, 98 S.Ct. at 2907.

damages under Section 1983, I now turn to the basis for liability of her employer, the Monroe County Department of Social Services. Paragraph 10 of the Complaint contains the sole allegation against the Department of Social Services:

10. The acts of the defendant Wishengrad are attributable to her employer, the County of Monroe and the Monroe County Department of Social Services through operation of the law.

In *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) the Supreme Court held that a municipality cannot be held liable on a *respondeat superior* theory; it is only liable if federal rights are violated pursuant to an official policy or custom. *Monell, supra*, at 693, 98 S.Ct. at 2037; *Leonhard v. United States*, 633 F.2d 599, 622 (2nd Cir.1980). The allegations contained in plaintiff's complaint as to the culpable conduct of the Department of Social Services and the County of Monroe is clearly insufficient to support a Section 1983 claim against them. Accordingly, summary judgment is also granted to the County of Monroe and its Department of Social Services.

ALL OF THE ABOVE IS SO ORDERED.